CHARLES SALMON *vs*. CHARLES FEINOUR.—*December,* 1833.

A witness cannot be permitted, upon the mere exhibition of an account to him at the trial, or under a commission, to swear that he believes the account to be correct, and the goods mentioned in it were sold to B, by the plaintiff, upon the faith of a letter of credit given by the defendant, though the letter had then been given in evidence to the jury.

A mere inquiry into the belief of a witness, which may have no other foundation than hearsay, is not competent.  With respect to the belief or persuasion of a witness, founded on facts within his own knowledge, it is otherwise.  On questions of identity of persons and hand writing, it is the common and prudent practice of witnesses to swear to their belief only, which is always admitted.

APPEAL from *Anne Arundel* county court.

This was an action of *Assumpsit*, brought by the appellant against the appellee, on the 23d *January*, 1828, for the price of merchandize, alleged to have been sold and delivered by the plaintiff to one *Mary Ann Brien*, upon the faith of the defendant's letter of credit.

Issue was joined upon the plea of *non assumpsit*. A commission was sent to *Philadelphia* to take proof, and in answer to one of the plaintiff's interrogatories, a witness deposed, "that she believes that the account sales now shown to her, (and marked B) to be correct, and that the goods therein mentioned were sold to *Mary Ann Brien* by *Charles Salmon*, on the faith of *Charles Feinour's* letter of credit above referred to, which was shown to *Charles Salmon.*"

This answer the defendant objected to as inadmissable testimony, and the court [DORSEY, Ch. J., and KILGOUR, and WILKINSON, A. J's.] sustained the objection. The plaintiff excepted, and the verdict and judgment being against him, he prosecuted the present appeal.

The cause was argued before BUCHANAN Ch. J. and MARTIN, STEPHEN, and ARCHER, J.

*Boyle*, for the appellant, cited *Stark. Ev.* 127.

*A. C. Magruder*, for the appellee.

The question to be decided was a question of fact, which has nothing to do with the belief of a witness.

BUCHANAN, Ch. J., delivered the opinion of the court.

It cannot be doubted that the opinion, to which the exception in this case was taken, is correct.

If the witness in her examination in chief had been asked, if she believed the account shown to her was correct, and if she believed the goods therein charged were sold by the plaintiff to *Mary Ann Brien* on the faith of *Feinour's* letter of credit to her, it is very clear that she

would not have been permitted to answer the questions, being entirely an inquiry into her belief of a matter in relation to which, the belief or persuasion of a witness (which may have no other foundation than the merely having heard it) is not competent testimony. Her answer therefore, that she believed the account to be correct, and that the goods were sold by the plaintiff to *Mary Ann Brien* on the faith of *Feinour's* letter of credit, in reply to the interrogatory, whether the goods were in fact so sold to *Mary Ann Brien*, and not whether she believed it, must be equally inadmissible; though if she had sworn to the the fact, as of her personal knowledge, her means of knowing the fact, might upon cross examination have been inquired into, and the accuracy of her testimony thus tested.

With respect to the belief or persuasion of a witness, as founded on facts within his actual knowledge, it is otherwise. On questions of identity of persons and of hand writing, it is the common and prudent practice of witnesses to swear to their belief only, which is always admitted.

This too, it will be observed, is the testimony of a witness taken under a commission and offered at the trial, when the opportunity of a further or cross examination was cut off; and if admitted, would have gone to the jury as the mere declaration of her belief, that the account was correct, and that the goods therein charged were sold by the plaintiff to *Mary Ann Brien*, on the credit of the letter of credit to her, from the defendant. Had she after having testified to the fact, that she had purchased sundry goods from the plaintiff in the name and at the request of *Mary Ann Brien*, sworn to her belief, that the goods charged in the account shown to her were the same goods, it would have presented a different question.

But there is nothing to show, that the declaration of her belief that the account was correct, &c. had any reference to the goods that she had purchased as the agent of *Mary Ann Brien*.

JUDGMENT AFFIRMED.